Pfeifer, J.,
dissenting.
{¶ 19} First, I continue to believe that any type of sovereign immunity is unconstitutional. See Garrett v. Sandusky, 68 Ohio St.3d 139, 144, 624 N.E.2d 704 (1994) (Pfeifer, J., concurring).
{¶ 20} Second, I continue to believe that the Galatis test (established in Westfield Ins. Co. v. Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, 797 N.E.2d 1256) is .a “hopelessly random and formulaic approach to overruling precedent.” State ex rel. Shelly Materials, Inc. v. Clark Cty. Bd. of Commrs., 115 Ohio St.3d 337, 2007-Ohio-5022, 875 N.E.2d 59, ¶ 50 (Pfeifer, J., dissenting). Once again, this court shies away from addressing a precedent with which it disagrees because of the unworkability of the Galatis test. See Groch v. Gen. Motors Corp., 117 Ohio St.3d 192, 2008-Ohio-546, 883 N.E.2d 377, ¶ 221 (Lanzinger, J., concurring in part).
{¶ 21} Third, the statute in question need not be very rigorously examined to realize that the lead opinion is patently wrong. R.C. 4112.01(A)(2) defines “employer” broadly, to include “the state, any political subdivision of the state, * * * and any person acting directly or indirectly in the interest of an employer.” It is clear that Major Davis was acting in the interest of an employer when he allegedly discriminated against Anita Hauser. According to the statutory scheme, a person acting in the interest of an employer is an “employer” and is *275 subject to liability. The lead opinion in essence concludes that an employee of a political subdivision who discriminates illegally is not a “person acting directly or indirectly in the interest of an employer.”
{¶ 22} I would answer the certified question in the affirmative and affirm the judgment of the court of appeals.
{¶ 23} I dissent.
O’Neill, J., concurs in the foregoing opinion.